# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| BILLY W. MILLER dba PINEY WOODS LUMBER CO., ) ) ) Plaintiff, Counter-Defendant and ) Third-Party Plaintiff ) ) v. ) ) DAIRYMAN SUPPLY COMPANY INC., ) ) Defendant and Counter-Plaintiff ) ) v. ) ) RANDY DRIVER, WILLIAM CARTER ) and DALE HIX, Individually and d/b/a ) PERFORMANCE AUTO SALES, ) ) Third-Party Defendants. ) | NO. 3:10-cv-00819 |

## THIRD AMENDED CASE MANAGEMENT ORDER AS MODIFIED

Counsel for Plaintiff/Counter-Defendant/Third-Party Plaintiff, Billy W. Miller d/b/a/ Piney woods Lumber Co. ("Miller"); counsel for Defendant/Counter-Plaintiff, Dairyman's Supply Company Inc. ("Dairyman's"); counsel for Third-Party Defendants, William Carter and Dale Hix, Individually and d/b/a/ Performance Auto Sales ("Carter" and "Hix"); and Third-Party Defendant, Randy Driver, hereby submit the following proposed amended case management order under Local Rule 16.01(d)(4)(a) for approval:

1. **Service of process, jurisdiction, and venue.** The parties do not dispute the sufficiency of service of process, the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a), the Court's exercise of personal jurisdiction, or that venue is proper in this district.

2. **Mandatory initial disclosures.** Pursuant to Fed.R.Civ.P. 26(a)(1), all parties have made their initial disclosures after the initial case management conference.

3. **Responsive pleadings to the Complaint.** All initial responsive pleadings have been filed.

4. **Discovery.** Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

5. **Pre-Trial Schedule.** The parties shall comply with the following discovery and pre-trial schedule:

    (a) The parties have made their initial disclosures in accord with Fed.R.Civ.P. 26(a)(1).

    (b) All non-expert discovery (excluding requests for admissions, but including all other written discovery and depositions) has been completed. All party depositions have been completed.

    (c) Miller shall disclose to all parties the identity of any expert witnesses to be used at trial and provide all information required under Fed.R.Civ.P. 26(a)(2)(B) on or before December 1, 2011.

    (d) Dairyman's shall disclose to all parties the identity of any expert witnesses to be used at trial and provide all information required under Fed.R.Civ.P 26(a)(2)(B) on or before January 1, 2011.

(e) Hix and Carter shall disclose to all parties the identity of any expert witnesses to be used at trial and provide all information required under Fed.R.Civ.P 26(a)(2)(B) on or before February 1, 2011.

(f) Driver shall disclose to all parties the identity of any expert witnesses to be used at trial and provide all information required under Fed.R.Civ.P 26(a)(2)(B) on or before February 1, 2001.

(g) All expert witness depositions shall be completed on or before February 15, 2012.

(h) All motions related to discovery disputes shall be filed on or before February 15, 2012.

(i) All dispositive motions shall be filed by April 16, 2012. Any response shall be filed within 21 days of the filing of the motion. Any reply, if necessary, shall be filed within 7 days of the filing of the response. A copy of any dispositive motion and response thereto shall be served on opposing counsel by personal delivery or facsimile on or before the date it is filed. No other filings in support of or opposition to any dispositive motion shall be made except within the express permission of Judge Trauger.

(j) Requests for admissions may be served at any time prior to trial, subject to the time for response provided in Fed.R.Civ.P. 36(a).

6. **Dispositive motions.** Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except under leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification

3

for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the Court.

7. **Trial time.** This jury trial is expected to take no more than three (3) days.

8. **Mediation.** Mediation was conducted on May 3, 2011. The case was not settled.

9. **Other issues.**

    (a) **Miller's overview.** Miller asserts that he acted as a broker of lumber between Dairyman's and Carter and Hix, and received a small commission. Miller did not take title to, nor possession of, the lumber with Dairyman's picking the lumber up directly from Carter and Hix's warehouse. Dairyman's failed to pick up the last lumber in accordance with the written timetable, and Carter and Hix refused delivery. Dairyman's breached agreement brokered by Miller, and through a counterclaim asserted a set-off, and refused to pay Miller $141,227.52 for other lumber brokered from another source which was received by Dairyman's. Through a course of dealing, Carter and Hix had allowed other lumber to be picked up after the agreed written timetable, and had specifically a course of dealing, Carter and Hix had allowed other lumber to be picked up after the agreed written timetable, and had specifically agreed with Miller to allow the last lumber to be picked up, but they refused delivery of the lumber to Dairyman's, and sold the lumber to a third party at a higher price. Miller seeks indemnification from Carter and Hix under breach of contract, promissory estoppel through detrimental reliance, equitable estoppel, and unjust enrichment. Driver was a joint-venturer with Miller in the brokerage transactions between Dairyman's and Carter and Hix and received

one-half of all commissions. Driver is obligated to pay one-half of any loss suffered by Miller.

(b) **Dairyman's overview.** Dairyman's asserts that Miller's claims are barred by the course of dealings of the parties along with Miller's own breach of the contracts between the parties. Said course of dealings include repeated waivers of the pick up restrictions contained within said contracts. Dairyman's has filed a counter-claim against Miller for damages caused by Miller's ultimate breach in refusing to allow the pick up of several loads of material. Said damages include the increased purchase price and shipping cost associated with the replacement goods Dairyman's was forced to purchase to cover its obligations to its customers. Accordingly, Dairyman's would submit that Miller's claim against it should be dismissed and/or offset by an amount equal to the aforementioned cover damages.

(c) **Hix and Carter's overview.** Hix and Carter assert that they never entered into any contract with Dairyman's regarding the sale of goods. On several occasions, Miller purchased goods from Hix and Carter and resold them to third parties, purportedly including Dairyman's. At no time did Miller ever operate as an agent or broker for Carter and Hix. Carter and Hix specifically refused to enter any contract with Miller that would allow Miller (or any third party purchasing from Miller) to pick up goods after April 1, 2010. Moreover, there is no writing signed by Hix or Carter regarding a sale of goods in excess of $500; as such, Miller is prohibited from recover under the statute of frauds. There was no course of dealings of the parties that allowed Miller (or any

third party purchasing from Miller) to pick up goods after April 1 when it had been specifically and expressly agreed by Miller that any goods would be picked up prior to April 1, 2010. The goods were not picked up prior to April 1, 2010, and neither Hix nor Carter received any payment from Miller for any goods not received by Miller. Miller did not perform due to his failure to pick up the goods prior to April 1, 2010, which constituted the first material breach and excused any performance by Hix and Carter. Moreover, as such, neither Hix nor Carter may be liable to Miller, and Hix and Carter would submit that Miller's claim against them should be dismissed.

(d) **Driver's overview.** Driver asserts that he did not enter a joint venture or any other form of agreement or relationship with Miller and/or any other party that would result in any indemnity liability or liability of any kind to Miller and/or any other party. As a result, Miller's claim against Driver should be dismissed.

(e) **Authenticity of documents.** The parties will endeavor to create admissions of facts and/or stipulations regarding the authenticity of documents in order to avoid unnecessary discovery or proof.

(f) **Dispositive legal issues or motions.** It is likely that one or more parties will file motions for summary judgment, or partial summary judgment as to certain counts, in this case.

(g) **Electronic discovery.** The parties have agreed on the method of handling electronic discovery, and therefore Administrative Order 174 will not apply.

It is so **ORDERED,** this __16th__ day of _____March_____, 2012.

_____
District Judge Aleta A. Trauger

Respectfully submitted for entry:


/s/ *David Veile*_____
G. Jeff Cherry, Esq.
David H. Veile, Esq.
Lowery, Lowery, & Cherry, PLLC
150 Public Square
Lebanon, TN 37087

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2012, a true and exact copy of the foregoing document was sent via the Court's Electronic Filing System to the following:

**Louis W. Oliver, III, Esq.**
**105 Hazel Path**
**P.O. Box 1616**
**Hendersonville, TN 37077-1616**

**Byron M. Gill, Esq.**
**109 North Castle Heights Avenue**
**Lebanon, TN 37087**

and via U.S. Mail, postage prepaid upon:

**Randy Driver, pro se**
**162 Dixon Road**
**Lafayette, TN 37083**

/s/ *David Veile*
David Veile