## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| BILLY W. MILLER, )<br>d/b/a Piney Woods Lumber Co., )<br>  )<br>    Plaintiff/Counter-Defendant/Third-Party )<br>                                 Plaintiff, )<br>v. )<br>  )<br>DAIRYMAN SUPPLY COMPANY, INC., )<br>  )<br>    Defendant/Counter-Plaintiff. )<br>  )<br>v. )<br>  )<br>RANDY DRIVER, WILLIAM CARTER, and )<br>DALE HIX individually and d/b/a )<br>PERFORMANCE AUTO SALES, )<br>  )<br>    Third-Party Defendants. ) | Civil No. 3:10-0819<br>Judge Trauger |

## ORDER RESETTING BENCH TRIAL

1. <u>Trial setting</u>: This case is set for a bench trial on <u>Tuesday, January 29, 2013,</u> at <u>9:00 a.m</u>. in Courtroom 873 of the United States Courthouse, 801 Broadway, Nashville, Tennessee.

2. <u>Pretrial conference setting</u>: A pretrial conference will be held in Judge Trauger's chambers, Room 825 United States Courthouse, 801 Broadway, Nashville, Tennessee, on <u>January 25, 2013,</u> at <u>1:30 p.m.</u> Lead counsel for each party must attend the pretrial conference. If lead counsel is not from Tennessee, local counsel must also attend.

3. <u>Information exchanged but not filed</u>: By <u>January 8, 2013</u>, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. By this same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

4. <u>Filings required prior to pretrial conference</u>: The following shall be filed by <u>January 22, 2013</u>:

    a. witness lists;

b. exhibit lists (Plaintiff's exhibits shall be premarked as "P-1, P-2," etc.; defendant's exhibits shall be premarked as "D-1, D-2," etc. The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause.);

c. stipulations;

d. expert witness statements as described in Local Rule 39.01(c)(6)c.[1]

5. <u>Motions in limine</u>: Motions in limine shall be filed by <u>January 11, 2013</u>. Responses shall be filed by <u>January 22, 2013</u>.

6. <u>Pretrial Order</u>: By <u>January 22, 2013</u>, the parties shall file a joint proposed Pretrial Order which shall contain the following:

   a. a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings;

   b. the jurisdictional basis for the action and whether jurisdiction is disputed;

   c. a short summary of each party's theory (prepared by the party);

   d. a listing of the contested issues of law; and

   e. a listing of known evidentiary disputes, including those involving deposition designations.

7. By <u>January 22, 2013</u>, each party shall file proposed findings of fact and conclusions of law.

8. <u>Duration of trial</u>: The trial of this case is expected to last <u>2</u> days.

It is so **ORDERED**.

ENTER this 31st day of August 2012.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[1] Judge Trauger requires the filing of medical expert (as opposed to treating physician) statements as well. The exclusion for medical expert statements in the referenced Local Rule does not apply in her court.