IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY W. MILLER, ) <br> d/b/a Piney Woods Lumber Co., ) <br> ) <br>     Plaintiff/Counter-Defendant/Third-Party ) <br>                                      Plaintiff, ) <br> v. ) <br> ) <br> DAIRYMAN'S SUPPLY COMPANY, INC., ) <br> ) <br>     Defendant/Counter-Plaintiff. ) <br> ) <br> v. ) <br> ) <br> RANDY DRIVER, WILLIAM CARTER, and ) <br> DALE HIX individually and d/b/a ) <br> PERFORMANCE AUTO SALES, ) <br> ) <br>     Third-Party Defendants. ) | Civil No. 3:10-0819 <br> Judge Trauger |

## ORDER RESETTING BENCH TRIAL

1. <u>Trial resetting</u>: This case is reset for a bench trial on <u>Tuesday</u>, <u>February 26, 2013,</u> at <u>9:00 a.m.</u> in Courtroom 873 of the United States Courthouse, 801 Broadway, Nashville, Tennessee.

2. <u>Pretrial conference resetting</u>: A pretrial conference will be held in Judge Trauger's chambers, Room 825 United States Courthouse, 801 Broadway, Nashville, Tennessee, on <u>February 22, 2013,</u> at <u>10:30 a.m.</u> Lead counsel for each party must attend the pretrial conference. If lead counsel is not from Tennessee, local counsel must also attend.

3. <u>Information exchanged but not filed</u>: By <u>February 5, 2013</u>, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. By this same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

4. <u>Filings required prior to pretrial conference</u>: The following shall be filed by <u>February 19, 2013</u>:

1

a. witness lists;

    b. exhibit lists (Plaintiff's exhibits shall be premarked as "P-1, P-2," etc.; defendant's exhibits shall be premarked as "D-1, D-2," etc. The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause.);

    c. stipulations;

    d. expert witness statements as described in Local Rule 39.01(c)(6)c.[1]

5. <u>Motions in limine</u>: Motions in limine shall be filed by <u>February 8, 2013</u>. Responses shall be filed by <u>February 19, 2013</u>.

6. <u>Pretrial Order</u>: By <u>February 19, 2013</u>, the parties shall file a joint proposed Pretrial Order which shall contain the following:

    a. a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings;

    b. the jurisdictional basis for the action and whether jurisdiction is disputed;

    c. a short summary of each party's theory (prepared by the party);

    d. a listing of the contested issues of law; and

    e. a listing of known evidentiary disputes, including those involving deposition designations.

7. By <u>February 19, 2013</u>, each party shall file proposed findings of fact and conclusions of law.

8. <u>Duration of trial</u>: The trial of this case is expected to last <u>2</u> days.

It is so **ORDERED**.

---

[1] Judge Trauger requires the filing of medical expert (as opposed to treating physician) statements as well. The exclusion for medical expert statements in the referenced Local Rule does not apply in her court.

ENTER this 11th day of December 2012.

                                                                          ALETA A. TRAUGER
                                                                          U.S. District Judge